# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA GORDON, an individual, <br><br> Plaintiff, <br><br> v. <br><br> JAIME CARDONA, an individual; TARGET CORPORATION, INC., a Minnesota Corporation licensed to do business in California; and DOES 1 to 50, inclusive, <br><br> Defendants. | Case No. 2:17-cv-8387 JAK (KSx) <br><br> **PROPOSED ORDER RE: STIPULATION FOR PROTECTIVE ORDER** |

**Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order ("Stipulation") filed on October 25, 2018, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraphs 1, 3, 7, and 10 of the Stipulation.**

\\

\\

\\

# AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

1. This Order is meant to encompass all forms of disclosure **made during pretrial discovery** which may contain confidential material, including all documents, ~~pleadings, motions,~~ exhibits, declarations, affidavits, deposition transcripts, inspection reports, and all other tangible items (electronic media, photographs, videocassettes, etc.) For purposes of this Stipulated Protective Order confidential material is defined as Target Corporation's ("Target") policies and procedures documents.

2. Good cause exists for this stipulated protective order because Target's policies and procedures documents contain proprietary information of Target and Target only authorizes production of these proprietary documents subject to a protective order. Target would suffer harm if its proprietary policies and procedures documents were disseminated.

3. The parties may designate any confidential material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by identifying such materials as confidential. Any material identified as confidential shall not be disclosed to any person or entity except to the parties, counsel for the respective parties, and expert witnesses assisting counsel in this Lawsuit, and the Court **and court personnel**.

4. Any material designated as confidential pursuant to paragraph 1 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

5. If additional persons become parties to this Lawsuit, they shall not have access to any confidential material until they execute and file with the Court their written agreement to be bound by the terms of this Order.

---

[1] The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

6. In the event that any question is asked at a deposition that calls for the disclosure of confidential material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to this Order. Deposition testimony may be designated as confidential following the testimony having been given provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within thirty days after receipt by the designating party of the respective deposition transcript. All deposition transcripts in their entirety shall be treated in the interim as confidential pursuant to paragraph 1 above. When confidential material is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Order.

7. If a party believes that any confidential material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information contested. The parties shall have thirty days after such notice to meet and confer and attempt to resolve the issue. If the dispute is not resolved within such period, the party seeking the protection shall have thirty days in which to make a motion, **in compliance with Local Rule 37 and the Court's pretrial motions procedures,** for a protective order with respect to contested information. Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.

8. Inadvertent failure to designate any material confidential shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen days after

discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material confidential in accordance with this Order.

9. This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

10. When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to ~~the Court and~~ all counsel of record. **Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.**

11. Within thirty days after the termination of this Lawsuit (whether by dismissal of final judgment), all confidential material (including all copies) shall be returned to counsel for the designating party. In addition, counsel returning such material shall execute an affidavit verifying that all confidential material produced to such counsel and any subsequently made copies are being returned in their entirety pursuant to the terms of this Order. Such a representation fully contemplates that returning counsel has: (1) contacted all persons to whom that counsel disseminated confidential material, and (2) confirmed that all such material has been returned to disseminating counsel.

\\
\\
\\
\\
\\
\\
\\
\\

12. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: November 26, 2018

                                                                       KAREN L. STEVENSON
                                           UNITED STATES MAGISTRATE JUDGE